TUCKER ELLIS LLP
Howard A. Kroll - SBN 100981
howard.kroll@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:	213.430.3400
Facsimile:	213.430.3409

Attorneys for Plaintiff
VERRAGIO, LTD.

JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERRAGIO, LTD.<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPER BELL JEWELERS,<br><br>　　　　　Defendant. | Case No. 2:17-CV-07247-JFW-KS<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST SUPER BELL JEWELERS |

　　　　Plaintiff Verragio, Ltd. ("Verragio"), and Defendant Super Bell Jewelers ("Defendant"), agree to the entry of this Consent Judgment and Permanent Injunction against Defendant.

　　　　Therefore, it is hereby ORDERED, ADJUDGED and DECREED as follows:

　　　　1.　　This case is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §§ 1051, *et seq*. and 17 U.S.C. §§ 101, *et seq*., respectively. This Court has jurisdiction over the claims which relate to copyright infringement pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

3. Verragio is a New York corporation with its principal place of business at 330 Fifth Avenue, 5th Floor, New York, NY 10001.

4. Defendant has its principal place of business at 606 So. Olive St., Los Angeles, CA 90014.

5. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

6. For over 20 years, Nisguretsky has been an innovator in the design, creation and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from top quality material.

7. Among Nisguretsky's jewelry designs are Style Nos. D-103M, D104P, D-104R, D-111, D-123R, D-133RD, INS-7001, and PAR-3003R, each an original design comprising copyrightable subject matter under the laws of the United States.

8. At all relevant times, Nisguretsky complied in all respects with the Copyright Acts, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights of D-103M (VA 1-818-592), D104P (VA 1-818-572), D-104R (VA 1-818-604), D-111 (VA 1-818-461), D-123R (VA 1-818-438), D-133RD (VA 1-818-805), INS-7001 (VAu 996-693), and PAR-3003R (VA 1-398-941) (collectively the "Verragio Copyrights"). Copies of the Certificates of Registration from the Register of Copyrights for the Verragio Copyrights, as well as the deposit copies of the Verragio Copyrights, are attached to this Consent Judgment as Exhibit A.

9. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including D-103M, D104P, D-104R, D-111, D-123R, D-133RD, INS-7001, and PAR-3003R.

10. Since its creation, Nos. D-103M, D104P, D-104R, D-111, D-123R and D-133RD, INS-7001, and PAR-3003R have been manufactured by Verragio or under its authority.

11. The Verragio Copyrights are valid, strong and enforceable.

12. Each engagement ring in Verragio's Insignia Collection, contains the Verragio Crest. The Verragio Crest, as it applies to jewelry, "consists of the configuration of a crest in the shape of a crown with three points featured as a part of a ring design." Verragio owns a United States trademark registration for the Verragio Crest, Registration No. 4,336,434. A copy of the registration certificate for this is attached to this Consent Judgment as Exhibit B.

13. The Verragio Crest is unique and distinctive and, as such, designates a single source of origin.

14. The Verragio Crest is valid, strong, enforceable and widely known and recognized among jewelers and consumers throughout the United States.

15. Defendant sold and/or offered to sell rings pictured in Exhibit C, including Ring Style Nos. 2205, 2206, 2207, 2209, 2210 (collectively, the "SBJ Rings").

16. Judgment shall be entered in favor of Verragio and against Defendant on the Complaint in the amount of $50,000, which includes Verragio's attorney's fees and costs.

17. Defendant and Defendant's officers, directors, employees, representatives, agents, successors-in-interest, parent corporations, subsidiary corporations, legal entities or persons controlled by Defendant, and all other persons who are in active concert or participation with them, are hereby permanently enjoined from:

    a. Copying or making unauthorized use of, or engaging in any unauthorized distribution of products protected by the Verragio Copyrights or rings that are substantially similar to the Verragio Copyrights;

    b. Copying or making unauthorized use of, or engaging in any unauthorized distribution of products protected by the Verragio Crest or rings that are confusingly similar to the Verragio Copyrights;

    c. Selling, distributing, advertising, manufacturing or purchasing any of the SBJ Rings; and

    d. Knowingly assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 17(a) through 17(c) above.

  18. Within thirty days of the date of this Order, Defendant shall destroy all of the SBJ Rings in its possession, if any.

  19. The parties waive notice of entry of this Consent Judgment and Permanent Injunction and the right to appeal therefrom or to test its validity and consent to its immediate entry in accordance with its terms. This Court expressly retains jurisdiction over this matter to enforce, implement or construe this Consent Judgment and Permanent Injunction.

  SO ORDERED.

DATED: June 19, 2018

_____
United States District Judge

The individuals executing this Consent Judgment and Permanent Injunction represent or confirm that they are duly authorized to do so, and are similarly authorized to bind their respective clients to this Consent Judgment and Permanent Injunction.

CONSENTED TO:

DATED: June 18, 2018            Tucker Ellis LLP

                                By:   /s/Howard A. Kroll
                                      Howard A Kroll
                                      Attorneys for Plaintiff
                                      VERRAGIO, LTD.

DATED: June 18, 2018            GUERRERO & CHAN, LLP

                                By:   /s/Franky C. Chan*
                                      Franky C. Chan
                                      Attorneys for Defendant
                                      SUPER BELL JEWELRY

*Pursuant to Local Rule 5-4.3.4(a)(2), the filing party attests that Defendant's counsel concurs in the content of this Consent Judgment and has authorized its filing with his electronic signature.

1353154.2